UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No:  04-60897-CIV-MARRA

MARTY STEINBERG, as court-appointed
Receiver for LANCER MANAGEMENT
GROUP LLC, et al.

      Plaintiffs

v.

BARCLAY'S NOMINEES (BRANCHES)
LIMITED, A/C HASO, et al.

      Defendants.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon the Receiver's Motion For an Order (I) Authorizing the Receiver to Engage in Limited Jurisdictional Discovery Against Certain Defendants; and (II) Authorizing the Receiver to Supplement its Responses to Certain Motions to Dismiss [DE 82].  The motion is fully briefed and ripe for review.

**Background**

On July 9, 2004, the Receiver filed the Complaint in this action against 27 defendants, including Standard Bank Nominees (Isle of Man), Ltd., Credit Suisse, Credit Suisse (Luxembourg), S.A., and Credit Agricole Indosuez Luxembourg.  On July 12, 2006, the Receiver filed an Amended Complaint adding PaineWebber, Inc., Barclay's Nominees (Branches) Limited, and Portman Nominees, S.A. as defendants and continuing to assert the same claims against the other defendants.  The Receiver

seeks in this ancillary lawsuit to recover from certain investors in the Offshore Funds

their "excess redemptions," that is the amounts they received back from the Funds in

excess of what they invested in the Funds, pursuant to the Florida Uniform Fraudulent

Transfers Act, Fla. Stat. § 726.101, *et seq.*, and other grounds.

On September 4, 2007, Defendants Standard Bank Nominees (Isle of Man), Ltd.,

Credit Suisse (Luxembourg) S.A., Barclays Nominees (Branches) Limited, Portman

Nominees S.A. and Credit Agricole Indosuez Luxembourg each filed motions to

dismiss[1] in which they argued, among other things, that the Amended Complaint

should be dismissed on the grounds that this Court lacks personal jurisdiction over

them.  Each defendant attached a declaration or affidavit making factual averments

in support of their contention that they lacked sufficient minimum contacts with the

United States to be subject to the jurisdiction of this Court.

By the instant motion, the Receiver requests this Court to enter an order (1)

granting the Receiver 90 days within which to conduct limited jurisdictional discovery

as to five defendants:  Defendants Standard Bank Nominees (Isle of Man), Ltd. ("SB

Nominees"),  Credit Suisse (Luxembourg), S.A. ("CS Luxembourg"), Barclays Nominees

(Branches) Limited ("BNBL"), Portman Nominees, S.A. ("Portman") and Credit

Agricole Indosuez Luxembourg a/c Unicorn ("Credit Agricole") (collectively, for

---

[1]  Defendants PaineWebber, Inc. and Credit Suisse Zurich have also filed
motions to dismiss on various grounds, but have not challenged the Court's personal
jurisdiction over them.

purposes of this motion only, "the Defendants") and (2) permit the Receiver to supplement his oppositions to the Motions to Dismiss filed by these Defendants based on the results of such limited discovery and at the conclusion of such discovery period.  Each defendant opposes jurisdictional discovery.

## Discussion

"It is now clear that federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits."  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  "Where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues."  *Id.* at n.13.  When a defendant challenges personal jurisdiction, courts generally permit depositions confined to the issues raised in the motion to dismiss.  8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2009 (2006); *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 730 (11th Cir. 1982) ("[i]f the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation, . . .  [then] discovery will certainly be useful and may be essential to the revelation of facts necessary to decide the issue"); *see also Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 443 (D. Md. 2001).

According to the Eleventh Circuit Court of Appeals, "[t]he problem is the degree to which such discovery is mandatory or discretionary."  *Eaton*, 692 F.2d at 729 (reversing dismissal for lack of subject matter jurisdiction and remanding for

discovery on jurisdictional facts where deposition had not taken place because a

"[p]laintiff must be given an opportunity to develop facts sufficient to support a

determination on the issue of jurisdiction.")  According to *Eaton*, jurisdictional

discovery is not entirely discretionary.  *Id*. at 733.

While some circuits allow jurisdictional discovery more freely than others,

Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored

before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want

of personal jurisdiction.  *See, e.g., Eaton.*, 692 F.2d at 731; *Majd-Pour v. Georgiana*

*Community Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984) ("[a]lthough the plaintiff

bears the burden of proving the court's jurisdiction, the plaintiff should be given the

opportunity to discover facts that would support his allegations of jurisdiction");

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (a motion to

dismiss for lack of personal jurisdiction may require limited discovery so that a

meaningful ruling can be made); *Blanco v. Carigulf Lines,* 632 F.2d 656, 657 (5th Cir.

1980)[2] (dismissal was error where defendants had not responded to plaintiff's

interrogatories); *Skidmore v. Syntex Laboratories, Inc.*, 529 F.2d 1244, 1248-49 (5th

Cir. 1976) (held "that the district court acted too drastically in entering its order of

dismissal without giving plaintiff a further opportunity for discovery" even though

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

defendants had answered 184 interrogatories); *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1146 (5th Cir.) (*en banc*), *cert. denied*, 414 U.S. 1116 (1973) (denial of jurisdictional discovery reversed although the plaintiff had agreed in writing that discovery would not take place until after the district court had ruled on defendants' motion to dismiss); *Washington v. Norton Manufacturing Co.*, 588 F.2d 441, 443 (5th Cir.), *cert. denied*, 442 U.S. 942 (1979); *cf. Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214, n.7 (11th Cir. 1999).

Notably, this case presents an atypical situation.  Ordinarily, an attorney can turn to his client and obtain relevant information about the defendant's contacts with a particular forum.  Here, the Receiver has been placed in charge of entities, the controlling person of which is now an adversary.  The Receiver cannot readily determine facts that are within the exclusive control of SB Nominees, CS Luxembourg, BNBL, Portman or Credit Agricole.  Thus, he is handicapped in his present ability to develop facts independent of the use of the discovery process.

On the other hand, the Court recognizes that there may be times when it would be an abuse of discretion to allow such discovery if there are no legitimate grounds upon which jurisdiction could lie.  Defendants object to the Receiver's request for jurisdictional discovery claiming the Receiver has not alleged sufficient facts regarding its contacts with the relevant forum, and assert that responding to limited jurisdictional discovery would delay the resolution of these actions.

The Amended Complaint alleges that SB Nominees, CS Luxembourg, BNBL,

Portman and Credit Agricole were investors in the Lancer Funds and received excess

redemptions from the Funds.  It is alleged that the Lancer Funds were managed by

Michael Lauer and his associated management companies in New York, and that the

Funds invested in a variety of United States securities listed on various United States

exchanges and markets.  The Receiver alleges that the Funds' assets, records,

accounts and management were all located in New York.  The Receiver also argues

that investors typically met with and/or spoke with Lauer prior to investing in the

Funds.  *See* Amended Complaint, ¶¶ 70-85 and DE 105 at 3.  The Receiver's

allegations of personal jurisdiction over the Defendants here all arise from their

"purposeful activities in reaching out to invest in the Lancer Funds under these

circumstances."  DE 105 at 3.  In addition, as to Barclays, Credit Agricole,[3] and CS

---

[3] Credit Agricole asserts numerous other unpersuasive arguments in opposition to the proposed jurisdictional discovery including that the Receiver failed to confer with the parties prior to filing the discovery motion, that there has been inordinate delay in the prosecution of this case and the Receiver thereby is abusing the Court's processes by unnecessarily protracting this proceeding, and that the Receiver is receiving special treatment from the Court where the Court rewards the Receiver's inappropriate tactics.  DE 99 at 7-8.  Credit Agricole claims *Dewey v. Farchone et al.*, 460 F.2d 1338 (7th Cir. 1972) is "exactly on point with the present case."  DE 99 at 7. *Dewey* is not binding precedent in this Circuit, it is not a Receiver filed action, the case is not against a foreign defendant, the case is analyzed under Illinois law, and the plaintiff in that case made no attempt to justify its delay in service.  The Court rejects Credit Agricole's reliance upon *Dewey* as authoritative in this matter.  The Court notes that the Receiver is faced with a daunting task of attempting to locate and marshal assets which rightfully may belong to the Estate.  The investors in the hedge funds which are the subject of this suit, as well as many of the parties against whom the Receiver is proceeding, are located in numerous foreign jurisdictions which has inevitably delayed this proceeding.  In the Court's judgment, the Receiver has justified his need for additional time to serve various defendants and the Court has

Luxembourg, the Receiver cites in his motion to documentary evidence indicating that these three defendants either maintained or used bank accounts in New York City to receive the very transfers in question in this case.  *See* DE 82, Ex. B.

Because the Receiver is faced with a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction and because the Receiver is operating at a disadvantage with no "client" from whom he can get information, the Court finds narrowly tailored and limited jurisdictional discovery relative to SB Nominees', CS Luxembourg's, BNBL's, Portman's and Credit Agricole's contacts with the United States is appropriate.  The Court will allow the Receiver to propound written discovery to these Defendants as detailed below.

## *Forum Non Conveniens*

Credit Agricole and Barclays final argument against jurisdictional discovery is it is unnecessary because Credit Agricole should be severed and dismissed in favor of Luxembourg, and Barclays should be severed and dismissed in favor of the United Kingdom on the grounds of *forum non conveniens*.  The Court agrees that were it to dismiss Credit Agricole and Barclays because of *forum non conveniens*, jurisdictional discovery would have no purpose and would be a waste of resources.  The Court therefore considers this argument as presented by Credit Agricole's and Barclays'

---

ruled on the merits of all matters presented to it.  The Court has not given the Receiver special treatment.

response to the instant motion, as well as in Credit Agricole's [DE 80] and Barclays'

[DE 65] Motions to Dismiss and the Receiver's response to those motions [DE 87 and

88].

Dismissal on *forum non conveniens* grounds is appropriate only when the

plaintiff's chosen forum imposes an undue burden on the defendant, and the private

and public factors weigh heavily toward trial in the alternative forum.  *Piper Aircraft*

*Co. v. Teyno*, 454 U.S. 235, 249 (1981).  The Court has considered Credit Agricole's

and Barclays' arguments in support of their motions and finds they have not

sufficiently established that private and public factors clearly outweigh the

Receiver's choice of forum.  *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 506-07 (1947).

As a practical matter, this case has been pending and proceeding in this Court for

over three years.  This case is one of many ancillary fraudulent transfer actions filed

by the Receiver.  This Court is very familiar with the primary action and the ancillary

actions.  Transferring this case now to separate foreign forums would unnecessarily

slow the progress of this case, and increase the costs to the litigants.  The motions to

dismiss on *forum non conveniens* grounds is denied and the Receiver may proceed

with jurisdictional discovery as to all the Defendants as elaborated upon below.

**Conclusion**

In accordance with the findings herein, it is hereby

**ORDERED AND ADJUDGED** that the Receiver's Motion For an Order (I)

Authorizing the Receiver to Engage in Limited Jurisdictional Discovery Against Certain

Case 0:04-cv-60897-KAM   Document 108   Entered on FLSD Docket 12/05/2007   Page 9 of 10

Defendants; and (II) Authorizing the Receiver to Supplement its Responses to Certain

Motions to Dismiss [DE 82] is **GRANTED** as follows:

(1)     The Receiver may serve written jurisdictional discovery (interrogatories

and requests for production of documents) on Defendants SB Nominees,

CS Luxembourg, BNBL, Portman and Credit Agricole within two weeks of

the entry date of this order.  The discovery must be narrowly tailored to

personal jurisdiction issues implicated by the motions to dismiss, and

may not stray to merits issues or other aspects of the motions to

dismiss.[4]  The parties are directed to confer and cooperate in good faith

in determining the logistics of the discovery.  No further discovery will

be permitted except upon a showing of good cause.

(2)     The deadline for the Receiver to respond to the Motion to Dismiss is

extended until 45 days after receiving responses to the jurisdictional

discovery, or 45 days after discovery is completed if the Court permits

the Receiver additional jurisdictional discovery.

(3)     The deadline for Defendants SB Nominees, CS Luxembourg, BNBL,

Portman and Credit Agricole to file a reply in support of their Motions to

---

[4]  This jurisdictional discovery is not a substitute for, and in no way shall preclude, merits discovery of the Defendants during the ordinary course of discovery if the pending motions to dismiss are denied.

Dismiss is extended until 20 days after the Receiver files his response

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 5th day of December, 2007.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record