UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No:  04-60897-CIV-MARRA/JOHNSON

MARTY STEINBERG, as court-appointed
Receiver for LANCER MANAGEMENT
GROUP LLC, et al.

      Plaintiffs

v.

BARCLAY'S NOMINEES (BRANCHES)
LIMITED, A/C HASO, et al.

      Defendants.
_____/

## ORDER AND OPINION GRANTING PAINEWEBBER, INC.'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant PaineWebber, Inc.'s Motion to Dismiss [DE 59].  The motion is fully briefed and ripe for review.  The Court has carefully considered the motion, the response, the reply and is otherwise fully advised in the premises.

## Introduction

The Receiver is seeking to recover alleged fraudulent transfers from defendant PaineWebber, Inc. ("PaineWebber" or "Defendant").  The claims relate to excess redemptions that Defendant received from the Lancer Offshore and Omnifund Funds - that is, the redemptions in excess of the amounts Defendant invested in those Funds.  PaineWebber has moved to dismiss the Amended Complaint on the grounds of (1) expiration of the statute of limitations; (2) failure to timely perfect service; (3) the

Receiver cannot state a claim under Florida's fraudulent transfer statutes because he is not a statutory "creditor," and (4) failure to plead the fraudulent transfer claims in accord with Federal Rule of Civil Procedure 9(b).

## STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  *Id.*

**Factual Background**

On July 9, 2004, the Receiver filed the Complaint in this action against 27 defendants asserting three claims under Florida's fraudulent transfer statutes and one claim for unjust enrichment.  DE 1, ¶¶ 32-52.  One year later, on August 3, 2005, the Receiver voluntarily dismissed 17 defendants.  DE 12.  Approximately one year after that, on July 12, 2006, the Receiver filed an Amended Complaint [DE 14] adding certain defendants, including PaineWebber.  The docket reflects another 11 months of inactivity by the Receiver, with no effort to effect service and no explanation for the delay or request for relief from the Court-ordered deadlines for service.[1]

After approximately a third year, in June 2007, the Receiver had the Clerk issue a summons for Defendant.  DE 17.  On June 20, 2007, 11 months after naming PaineWebber as a defendant in the Amended Complaint, the Receiver served PaineWebber.

PaineWebber was an investor in the Offshore and Omnifund Funds.  *See* Am. Compl. ¶¶ 86-88 & Ex. F.  PaineWebber received a redemption from the Funds in the

---

[1] On four occasions the Receiver requested, and was granted, an extension of the 120-day limit to serve the named defendants under Federal Rule of Civil Procedure 4(m) ("Rule 4(m)").  The order approving the fourth request extended the service deadline until November 7, 2005.  DE 13.  That deadline came and went without the Receiver serving any of the defendants.  Nor did the Receiver seek another extension.  Instead, the Receiver filed an Amended Complaint in July 2006 (eight months after the deadline).  The Receiver then waited almost one more year – again without seeking an extension from this Court – before serving PaineWebber in June 2007.

amount of $5,082,840.00 on or about March 20, 2001.  *See* Ex. F.  That redemption resulted in a profit of $1,193,613.00.  *See id*.

## Discussion

### Service of the Amended Complaint

PaineWebber argues in a footnote that the fact that the Receiver waited three years to effectuate service, by itself, supports dismissal.  Here, PaineWebber was not served until ten and one-half months after it was first listed as a defendant in the Amended Complaint.

Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve a summons and complaint to all defendants within 120 days after the complaint is filed in court. Fed.R.Civ.P. 4(m).  Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff- *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m) (emphasis added).

Failure to effect service within 120 days of the filing of the Complaint mandates dismissal of the Complaint.  *Id*.  However, the plaintiff may request an extension of time for service of process on the showing of good cause.  *Id*.  The plaintiff has the burden of demonstrating the existence of "good cause" justifying service outside of the 120-day deadline.  *Sanders v. Fluor Daniel, Inc.*, 151 F.R.D.

138, 139 (M.D. Fla. 1993); *Wilson v. Prudential Financial*, 332 F. Supp. 2d 83, 87 (D.D.C. 2004) ("[W]here the plaintiff fails to effect proper service within the 120-day time limit laid down by Rule 4(m), the plaintiff carries the burden of showing good cause for that failure").  To demonstrate good cause, the plaintiff must offer evidence that he (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance, and (3) the basis for the delay was more than simple inadvertence or mistake.  *Id.*; *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991); *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1130-31 (11th Cir. 2005) (holding that mistake by plaintiff is not good cause under Rule 4(m)).

  Here, there is no question that the Receiver failed to serve PaineWebber within the 120-day time period prescribed by Rule 4(m).  The Amended Complaint, which listed PaineWebber for the first time, was filed on July 12, 2006.  PaineWebber was served over 11 months later, on June 20, 2007.  Because over 120 days passed between the time the Receiver filed his Amended Complaint and the time he served PaineWebber, Rule 4(m) mandates the dismissal of the Receiver's Complaint, unless the Receiver is granted an extension of time to serve process based on good cause.  The Receiver, however, has neither requested an extension, nor attempted to show good cause for the delay.  In fact, when the issue was raised by PaineWebber in its motion to dismiss, the Receiver chose to completely ignore it and made no comment on his failure to effect timely service.  In this case, good cause does not exist under Rule(m) to extend the time for service, *nunc pro tunc*.

Having determined that good cause does not exist under Rule(m) to extend the time for service, the Court then must consider whether it should dismiss the Receiver's case or exercise its discretion to extend time for service.  Although the text of Rule 4(m) might suggest the contrary, Rule 4(m) allows the exercise of judicial discretion to extend the deadline for service, even in circumstances where the plaintiff has not shown good cause for noncompliance with the 120-day service requirement.  *See Horenkamp,* 402 F.3d at 1132-33 ("[t]hus, today we join our sister circuits and hold that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause"); *Lau v. Klinger*, 46 F. Supp. 2d 1377, 1380 (S.D. Ga. 1999).  A discretionary extension may be justified, for example, if the defendant is evading service or conceals a defect in attempted service.  *Id.*  Although the Court has liberally granted extensions of time to serve defendants in this and other ancillary cases, no reason is presented to this Court to exercise its discretion to grant an extension now, *nunc pro tunc*.[2]

---

[2]  Besides having *never* sought an extension of time to serve PaineWebber, having served PaineWebber over *six months* after the expiration of the 120-day deadline, and having failed to acknowledge or otherwise defend this essential procedural shortcoming, the Receiver's action suffers from at least one additional defect.  Even if this case was permitted to go forward, the Receiver's claims against PaineWebber asserted in Counts II, III and IV are time-barred as a matter of law under Florida law.  Despite the fact that Count I may not be time barred as a matter of law, the Court does not believe that extending the period of time for service of process is justified under the circumstances presented here.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant PaineWebber, Inc.'s Motion to Dismiss **[DE 59] is GRANTED without prejudice**, in accordance with the findings above.  This action is DISMISSED without prejudice as to Defendant PaineWebber, Inc.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of September, 2008.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson